**In re Albert HORNE, Debtor.**

**Albert HORNE, Plaintiff,**

v.

**REPUBLIC NATIONAL BANK OF MIAMI, a National Banking Institution, Jorge Martinez, and Dorothy Wilson, Defendants.**

Bankruptcy No. 83–02195–BKC–TCB.
Adv. No. 84–0615–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 29, 1984.

Ronald J. Cohen, Paul, Landy, Beiley & Harper, P.A., Miami, Fla., for Republic Nat. Bank of Miami.

Carlos A. Santos, II, Adolfo Z. Aguila-Rojas, P.A., Miami, Fla., for Jorge Martinez and Dorothy Wilson.

William M. Manker, Miami, Fla., for debtor/plaintiff.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 11 debtor has filed a five-count adversary complaint against a bank and two bank officers. All the events alleged in this complaint occurred in 1982. Defendants have answered and the matter was tried on November 8.

In Counts 1 and 2, the debtor complains that the bank mismanaged the account of a corporation, which was completely owned and dominated by the debtor, resulting in alleged actual losses of $39,927, for which the debtor seeks additional punitive damages of $100,000, and that the bank debited the corporate account after the corporation had filed for bankruptcy and therefore, had engaged in a voidable post-petition transfer.

■ As was stated in *Schaffer v. Universal Rundle Corp.*, 397 F.2d 893, 896 (5th Cir.1968):

"The general rule is, of course, well established that an action to redress injuries to a corporation, whether arising out of contract or tort, cannot be maintained by a stockholder in his own name but must be brought in the name of the corporation, since the cause of action being in the corporation, the stockholder's rights are merely derivative and can be asserted only through the corporation. The general rule is applicable in cases where the individual is the sole stockholder."

The debtor admitted at trial that all of the alleged mismanagement by the defendant-bank pertained solely to the corporate account. His own personal account was not mismanaged. This debtor, therefore, has no cause of action for the matters alleged in Counts 1 and 2.

■ Furthermore, those identical issues were litigated by the corporation against the bank in an adversary proceeding (83–0779) filed in connection with the corporation's bankruptcy proceeding. On July 11, 1984, that complaint was involuntarily dismissed in that proceeding. Such dismissal constitutes an adjudication on the merits and this debtor, whose present claim is derivative, is collaterally estopped from relitigating those issues. *Montana v. U.S.*, 440 U.S. 147, 154, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979).

Count 3 seeks recovery of 36 automobile certificates of title presently held by the bank pertaining to dealings with the corporation's customers. That issue also was presented and resolved adversely against the corporation in the litigation described above. This debtor has no cause of action on account of that alleged wrong to the corporation.

This bankruptcy, as well as the corporate bankruptcy, were pending before Judge Gassen and have been recently assigned to me following his resignation. I am not yet familiar with either case. I request that the defendant-bank either seek conversion or dismissal of the two chapter 11 cases in order that the automatic stay be terminated to permit the bank to implead the title certificates in the appropriate state court without further delay. It is unfortunate that this matter was not resolved in July when the corporate adversary proceeding was concluded.

■ Counts 4 and 5 contain allegations against, respectively, the defendant Martinez and the defendant Wilson, each of whom was a vice-president of the bank. Each officer is accused of demanding and receiving personal favors from the debtor or the corporation in return for favorable consideration by the bank with respect to the corporate loans from the bank. For example, it is alleged that automobiles owned by each officer were repaired without payment and that a car was sold for Martinez' wife at a $700 loss which was never reimbursed. I find that plaintiff has failed to prove any of the allegations con-

tained in these two counts. If these allegations were proved, they would amount to a claim by the debtor for recovery of bribes paid by him in kind for the defendants' breach of trust owed to their employer/bank. Public policy forbids recovery under these circumstances.

■ It is not clear from the complaint whether the debtor claims damages under Counts 4 and 5 against the bank as well as the two officers. The debtor has elected to file no brief and make no argument in this case. If a claim is asserted against the bank on account of the alleged misconduct of the two officers, that claim must fail, not only because plaintiff has failed to prove the allegations, but also because the alleged misconduct is of such a character as to be completely ultra vires. The bank cannot be held liable under these circumstances.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice. Costs may be taxed on motion.